**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 25-23502-GLT |
| PHILLIPPE R. BOURQUE | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Document No. ___ |
| | ) | |
| BRENTWOOD BANK | ) | Related to Document No. 17 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIPPE R. BOURQUE | ) | |
| | ) | |
| Respondent. | ) | |

**BRENTWOOD BANK'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S
CHAPTER 13 PLAN DATED FEBRUARY 11, 2026**

Brentwood Bank ("Brentwood"), by its attorneys, Metz Lewis Brodman Must O'Keefe

LLC, files the within Objection to Confirmation of the Chapter 13 Plan dated February 11, 2026

filed by Debtor Phillippe R. Bourque (the "Debtor") as follows:

**Background**

1. On or about December 31, 2025, the Debtor filed for relief under Chapter 13 of

the United States Bankruptcy Code, 11 U.S.C. § 1301 et seq. (the "Bankruptcy Code").

2. Brentwood is a party-in-interest as a secured creditor of the Debtor.

3. On or about September 16, 2024, Brentwood extended a loan to the Debtor in the

original principal amount of $84,000.00 (the "Loan") pursuant to the terms and conditions of that

certain Business Loan Agreement of even date (the "Loan Agreement") and evidenced by a

Promissory Note dated September 16, 2024 (the "Note").

4.      As security for the repayment of all amounts due in connection with the Loan, the Debtor made, executed, and delivered that certain Open-End Mortgage and Security Agreement dated September 16, 2024 (the "Mortgage") with respect to real property and improvements owned by the Debtor commonly known as 5117 Yale Drive, Aliquippa, PA 15001, Parcel ID No. 65-023-0509 (the "Mortgaged Premises"). The Mortgage was recorded in the Office of the Beaver County Recorder of Deeds at Instrument No. 3701858 on September 16, 2024.

5.      The Loan Agreement, the Note, and the Mortgage are appended to Brentwood's Proof of Claim No. 15 and are incorporated herein by reference.

6.      As of the petition date, the amount due and owing in connection with the Loan totaled $85,000.00, together with interest thereon at the contractual rate, late fees, any out-of-pocket expenses for, among other things, hazard insurance, appraisals, and real estate taxes, all other amounts due and payable to Brentwood, plus attorneys' fees and costs.

7.      On February 11, 2026, the Debtor filed his Chapter 13 Plan (the "Plan"). The Plan misstates the value of Brentwood's secured claim and does not provide adequate information concerning the proposed sale of the Mortgaged Premises.

8.      Therefore, Brentwood files the within Objection to confirmation.

**Objection to Confirmation**

9.      Pursuant to Section 1325 of the Bankruptcy Code, the Debtor is required to pay Brentwood not less than the allowed amount of its secured claim. 11 U.S.C. § 1325(a)(5)(B).

10.     Brentwood's claim against the Debtor is secured to the extent of the value of Brentwood's interest in the Mortgaged Premises. 11 U.S.C. § 506(a)(1); In re Smith, 102 F.4th 643, 647 n.6 (3d Cir. 2024). The remaining portion of the claim (if any) is unsecured. Id.

11.     For purposes of calculating Brentwood's allowed secured claim, the value of the Mortgaged Premises is its fair market value. See In re Weichey, 405 B.R. 158, 164 (Bankr. W.D. Pa. 2009); In re Verratti, 517 B.R. 564, 572 (Bankr. E.D. Pa. 2014).

12.     In the present matter, the Debtor asserts that the fair market value of the Mortgaged Premises is $270,000.00. See Schedule A/B [ECF 16] at Part 1.

13.     According to the Claims Register, $122,662.99 is due from the Debtor to PennyMac Loan Services, LLC, which amount is secured by a mortgage recorded prior in time to Brentwood's Mortgage.

14.     Consequently, based upon a fair market value of the Mortgaged Premises equal to $270,000.00, and deducting the sums owed to PennyMac Loan Services, LLC on account of its secured claim, Brentwood's claim in connection with the Loan is fully secured.

15.     Notwithstanding the foregoing, Section 3.2 of the Plan incorrectly states that the amount of Brentwood's secured claim is only $15,470.00.

16.     Brentwood is unable to ascertain the source of the Debtor's calculation. The Plan must provide for payment to Brentwood in the amount of $85,000.00 in accordance with Section 1325(a)(5)(B) of the Bankruptcy Code.

17.     Moreover, to the extent the Debtor intends to pay Brentwood from the proceeds of a sale of the Mortgaged Premises, the Plan must outline the basic terms of sale and a reasonable period of time within which to close. See In re Jensen, 369 B.R. 210, 237 (Bankr. E.D. Pa. 2007); In re Erickson, 176 B.R. 753, 757 (Bankr. E.D. Pa. 1995).

18.     Here, the Plan fails to specify the relevant terms of sale, e.g., what professionals will be retained to market the Mortgaged Premises and the proposed sale price. See In re

3

Erickson, 176 B.R. at 757 (denying confirmation of Chapter 13 sale plan where the debtor did not specify the terms of listing for sale).

19.     Furthermore, the Plan seeks a year-long sale period. Brentwood submits that a six-month sale period is reasonable under the circumstances. See In re Jensen, 369 B.R. at 237 (confirming a Chapter 13 sale plan providing 180 days for debtor to market and sell property).

20.     For all of these reasons, Brentwood objects to confirmation of the Plan.

### Conclusion

WHEREFORE, Brentwood Bank respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan and grant such other relief as is necessary.

Respectfully Submitted,

Date: April 20, 2026

METZ LEWIS BRODMAN MUST
O'KEEFE LLC

By: */s/ Justin M. Tuskan*
    Justin M. Tuskan (PA I.D. 311235)
    444 Liberty Avenue, Suite 2100
    Pittsburgh, PA 15222
    Phone: (412) 918-1100
    Fax: (412) 918-1199
    jtuskan@metzlewis.com
    *Attorneys for Creditor Brentwood Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 25-23502-GLT |
| PHILLIPPE R. BOURQUE | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Document No. ___ |
| | ) | |
| BRENTWOOD BANK | ) | Related to Document No. 17 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIPPE R. BOURQUE | ) | |
| | ) | |
| Respondent. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Objection

to Confirmation of Chapter 13 Plan was served upon the following this 20th day of April, 2026

via the Court's Electronic Filing System:

|  |  |
|---|---|
| Kenneth Steidl | Ronda J. Winnecour |
| Steidl & Steinberg | 600 Grant Street, Suite 3250 |
| 436 Seventh Avenue, Suite 322 | Pittsburgh, PA 15219 |
| Pittsburgh, PA 15219 | *Chapter 13 Trustee* |
| *Attorneys for the Debtor* | |

Respectfully Submitted,

Date: April 20, 2026        METZ LEWIS BRODMAN MUST
O'KEEFE LLC

By: */s/ Justin M. Tuskan*
    Justin M. Tuskan (PA I.D. 311235)
    444 Liberty Avenue, Suite 2100
    Pittsburgh, PA 15222
    Phone: (412) 918-1100

5